(No. 1536—)

Charles F. Jennings, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed March 12, 1930.*
*Rehearing denied May 28, 1930.*

Vaughn & Nevins, for claimant.

Oscar E. Carlstrom, Attorney General; Roy D. Johnson, Assistant Attorney General, for respondent.

Mr. Chief Justice Clarity delivered the opinion of the court:

This is a claim filed to recover for damages sustained by claimant while driving a Chevrolet truck on Route No. 4 of

the St. Louis-Springfield hard road at a point in Madison County; that he was run into by a truck belonging to the State of Illinois and then driven by Frank Hill an employee of the State. A stipulation is herewith presented in evidence to sustain the facts alleged. It appears that there has been no objection as to the contention of the claimant as to the injuries sustained, it appearing from the evidence that the accident was due to the negligence of Hill the driver and that he was under the influence of liquor or other stimulant and as a result of the accident the claimant's truck was demolished and that claimant was very seriously and grievously injured.

This court understands that as a matter of sympathy there can be no question as to the unhappy result of this accident to claimant. However, it appears to the court that there can be no contention as to the fact that the State is not liable for the torts or negligence of its officers, agents, etc. However, the State has been endeavoring to take care of its employees and others injured as a matter of good conscience. In this case there is a feature that impresses the court very seriously and that is the fact according to the stipulation filed in which there appears a communication by C. M. Slaymaker, District Engineer, that Hill had no orders to be on this road on this date and in fact had received orders to perform certain work on a patrol south of Edwardsville which he disregarded.

The point that comes to the court, is that even if the State was responsible for the acts of its agents or servants that wherein an agent or servant disregarded the instructions of his superior, and was on a mission entirely beyond the line of duty as delegated to him by his superiors and an accident occurred, that it would be hard to conceive a legal liability. If the accident occurred through the fault of the driver of this truck while acting in line of duty under the directions of his superior, then another question would arise as to the responsibility of the defendant, the State of Illinois. It could not be urged that if this accident occurred through the negligence of this driver at a time of day or night outside of the hours required of him in the line of duty that the defendant would be liable and this court cannot conceive that the State has the power to extend such obligation to the act of an agent or servant outside the line of duty or outside the course of employment.

To announce a different rule would extend the obligation of the defendant, the State of Illinois much further than was contemplated in the act creating this court and would impose upon the State of Illinois a burden that would be indefinite, vague and uncertain.

And while the court regrets this unfortunate accident, yet it feels that it should not extend an obligation upon the State in which an employee could create a liability upon the State while not in the line of duty or in the course of regular employment under the direction of their superior.

Therefore it is recommended that this claim be disallowed.

On May 28, 1930, upon petition for rehearing, the following additional opinion was filed:

It appears that no additional reason has been brought to the attention of this court for further consideration of this claim.

Therefore petition for rehearing is denied.